■ CITY OF NEW YORK, Appellant, v THREE GOOD FELLOWS
INC. et al., Respondents. [773 NYS2d 388]—

Order, Supreme Court, New York County (Marilyn Shafer, J.),
entered May 20, 2003, which denied plaintiff's motion to allow
its undercover witnesses to testify in a manner that would
prevent the revelation of their identities, unanimously reversed,
on the law and the facts, without costs, the motion granted, and
the matter remanded for further proceedings consistent here-
with.

In this in rem nuisance abatement action, plaintiff City of
New York alleges that the subject night club is the scene of
ongoing and pervasive illegal narcotics activity. The City, intend-
ing to prove the existence of such activity through the testimony
of active undercover police officers, moved to allow the wit-
nesses to testify in a manner that would preserve their anonym-
ity. The City suggested that this goal could be achieved without
closing the courtroom if the witnesses were permitted to testify
while sitting behind a screen, while wearing a disguise, or while
facing away from the courtroom audience. Supreme Court
denied the motion.

We reverse. The City's submissions establish the existence of
reasonable concern for the safety and continued effectiveness of
the officers in the event their identities are exposed as a result
of their testimony in this action. In this regard, we note that
the officers continue to conduct undercover operations in the
vicinity of the subject night club, and that the club's popularity
(reportedly 4,000 patrons nightly) suggests that the proceedings
may receive significant public attention. Moreover, defendants
have not demonstrated any legitimate countervailing interest in
disclosure of the witnesses' identities. Accordingly, on remand,
the court is directed to determine what narrowly tailored
measures, short of closing the courtroom, will be employed to
permit the undercover witnesses to testify without revealing
their identities (*see People v Sanabria*, 301 AD2d 307, 308
[2002], *lv denied* 99 NY2d 632 [2003]). Concur—Andrias, J.P.,
Williams, Lerner, Friedman and Marlow, JJ.